No. 84-454

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

STATE OF MONTANA, ex rel.,
POLARIS INDUSTRIES, INC.,

        Relator,

   -vs-

THE DISTRICT COURT OF THE
THIRTEENTH JUDICIAL DISTRICT,
IN AND FOR THE COUNTY OF YELLOWSTONE,
THE HONORABLE DIANE G. BARZ, Judge
presiding,

        Respondents.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Relator:

        McNamer, Thompson & Cashmore; Charles R. Cashmore, Jr.
        argued, Billings, Montana

    For Respondents:

        Berger Law Firm; Arnold Berger argued, Billings,
        Montana
        Anderson, Edwards & Molloy, Billings, Montana

---

        Submitted:   January 25, 1985

        Decided:   February 15, 1985

Filed:

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Relator Polaris Industries, Inc. filed an application for a writ of supervisory control asking this Court to reverse the Yellowstone County District Court's Order which refused to grant Polaris' motion to dismiss an action filed against it by Midland Implement Company, Inc.

Three issues were raised: first, whether the District Court erred in denying Polaris' motion to dismiss; second, whether a provision in an Agreement providing an exclusive out-of-state forum for litigation is valid and enforceable in Montana; and third, whether the District Court erred in holding that Polaris' refusal to renew the Agreement rendered it void as a matter of law, thereby precluding Polaris from availing itself of the out-of-state forum provision of the Agreement. Because we hold the forum-selection clause is void, we need not address the remaining issues.

On April 7, 1982, Midland entered into a written Distributor Agreement with Polaris. The Agreement provides Polaris would manufacture snowmobiles for commercial sale, and Midland would act as distributor for the products.

The Agreement further provides that no action on claims arising from the Agreement may be maintained by Midland against Polaris in any court except in Hennepin County, Minnesota District Court, or in the United States District Court in Minneapolis, Minnesota. After one year, the Agreement expired of its own terms, leaving matters such as inventory and warranty claims between the parties unresolved.

Midland asserted that § 28-2-708, MCA renders the forum-selection clause void. We agree. That statute provides:

> "Restraints upon legal proceedings void. Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals or which limits the time within which he may thus enforce his rights is void." (Emphasis added.)

The complaint of the plaintiff in this case comes within the provisions of the foregoing code section. The plaintiff seeks to enforce its right under its contract with Polaris by a "usual proceeding" in the "ordinary tribunals" of Montana. We hold that the forum-selection clause of the Agreement is void under the statute as an improper restraint upon the plaintiff's exercise of its rights.

We, therefore, conclude that the District Court correctly denied Polaris' motion to dismiss. We deny the application for writ of supervisory control.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

- 3 -

_____

_____
Justices

Justice John C. Sheehy, specially concurring:

I concur in the foregoing opinion.

The provisions of Art. II, Section 16, 1972 Montana Constitution, are further evidence of a strong public policy in this State that impedances to state courts may not be contenanced by us. The constitutional statement is that courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property or character. Forum selection clauses in contracts impede the right to judicial process and especially discourage a speedy remedy.

A further reason for refusing validity to a forum selection clause may be found in the development of long-arm jurisdiction. Whereas formerly, a state could not make a binding judgment _in_ _personam_ against an individual or corporate defendant with which the state had no contacts, ties or relations (Pennoyer v. Neff (1877), 95 U.S. 714, 24 L.Ed 565), with the decisions of the U.S. Supreme Court beginning in 1945 (International Shoe Co. v. State of Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed 95), it became recognized that due process is provided non-state residents if traditional notions of justice and fair play made them amenable to state jurisdictions away from home. See Travelers Health Association v. Virginia (1950), 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; Perkins v. Benguet Consolidated Mining Co. (1952), 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; McGee v. International Life Ins. Co. (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Hanson v. Denckla (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

Thus under _McGee,_ supra, it was sufficient for due process that suit was based on a contract which had substantial connection with that state. 355 U.S., p. 223.

- 4 -

Hon. John C. Sheehy
Justice, Supreme Court
Room 414 Justice Building
215 North Sanders
Helena, Montana 59620

CORRECTION. In preparing this opinion for pub-
lication, we noted in our verification of titles and
citations the matters listed below. Corrections have
been made on our copy of the opinion.

RECEIVED

MAR 18 1985

ETHEL M. HARRISON
Clerk Supreme Court

March 12, 1985

State ex rel. Polaris Industries, Inc. v. District Court of
Thirteenth Judicial District, Yellowstone County, No. 84-464, Feb.
15, 1985, specially concurring

Page 4, line 15 --- Pehnoyer v. Neff should read Pennoyer v. Neff.

Page 4, line 6 from bottom --- 97 L.Ed. 469 should read 97 L.Ed. 485.

Page 4, line 6 from bottom --- (1952) should read (1957).

Page 5, line 10 from bottom --- § 27-2-708 should read § 28-2-708.

WEST PUBLISHING COMPANY
Box 43526
St. Paul, MN 55164

Here Polaris' contact with Midland constituted very substantial connections with Montana. Under any modern concept of _in_ _personam_ jursidiction over non-state defendants, Polaris is plainly subject in this case to Montana's long-arm jurisdiction. It would be patently a step back from the cases affording such jurisdiction to hold that forum selection clauses may set aside the significant growth of _in_ _personam_ jursidiction law.

Montana's rules of civil procedure take notice of the growth in the law pertaining to non-state defendants in state courts. Rule 4B provides that jurisdiction of the state courts stretches to include any claim for relief from the doing personally or through employees of the transaction of any business in the state or entering into a contract for materials to be furnished in this state. Those activities provide the "minimum contacts" by the non-state resident which makes long-arm jursidiction of the non-state resident comportable with due process. International Shoe Co., supra.

I therefore agree that § 27-2-708, MCA, states a public policy that has existed in Montana historically and has even more meaning with the development of the newer concepts of long-arm jurisdiction. That policy makes forum-selection clauses in contracts in our state void. There is a measure of protection even so for non-state residents. If there are not the minimum contacts necessary for long-arm jurisdiction with the state by the non-state resident, no state jursidiction exists with or without the forum selection clause.

John L. Shelhy
Justice

- 5 -